■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO KING, Appellant.—Judgment, Supreme Court, New York County (John A. K. Bradley, J.), rendered April 28, 1987, which convicted defendant, after jury trial, of attempted robbery in the first degree, attempted robbery in the third degree, and attempted assault in the second degree, and

sentenced him to concurrent prison terms of 4 to 8 years, 1½ to 3 years, and 2 to 4 years, respectively, unanimously modified, on the law, to reverse' and dismiss the conviction of attempted robbery in the third degree, and to reduce the sentence for the conviction of attempted assault in the second degree to 1½ to 3 years, and otherwise affirmed.

As the People concede, under the circumstances of this case, attempted robbery in the third degree is a lesser included concurrent count of attempted robbery in the first degree *(see,* CPL 1.20 [37]; 300.30 [4])* and accordingly, the conviction of attempted robbery in the third degree must be dismissed. (CPL 300.40 [3] [b].)

Additionally, the People concede that defendant's sentence of 2 to 4 years on the attempted assault count should be reduced to 1½ to 3 years. A sentence of 1½ to 3 years was initially imposed, but after an off-the-record discussion, the Trial Judge stated that he had been informed that attempted assault in the second degree was a "violent felony" and resentenced defendant to a term of 2 to 4 years. However, attempted assault in the second degree is not a "violent felony offense" (Penal Law § 70.02 [1]). Since it is clear that the Trial Judge changed the sentence only because he had been incorrectly informed that the offense was a "violent felony", the sentence should be reduced to the 1½-to-3-year term originally imposed.

We have examined the other points raised by the appellant and find them without merit. Concur—Sullivan, J. P., Carro, Milonas, Ellerin and Wallach, JJ.